UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RICHARD ELESON, | No. 2:15-cv-2136 GEB AC (TEMP) P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STANLEY A. BOONE et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons discussed herein, the undersigned will recommend dismissal of this action because plaintiff's complaint fails to state a cognizable claim for relief.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

/////

1 omits to perform an act which he is legally required to do that causes the deprivation of which
2 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3     Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
4 their employees under a theory of respondeat superior and, therefore, when a named defendant
5 holds a supervisorial position, the causal link between him and the claimed constitutional
6 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
7 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations
8 concerning the involvement of official personnel in civil rights violations are not sufficient. See
9 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10 **PLAINTIFF'S COMPLAINT**

11     In his complaint, plaintiff has identified United States Magistrate Judge Stanley A. Boone
12 and California Attorney General Kamala D. Harris as the defendants in this action. Plaintiff takes
13 issue with Magistrate Judge Boone and Attorney General Harris's alleged conduct during his
14 habeas corpus proceedings. See Eleson v. Lizarraga, Case No. 1:15-cv-00008 LJO SAB HC.[1]
15 Plaintiff's complaint is difficult to decipher, but he appears to complain that Magistrate Judge
16 Boone did not take judicial notice of the California Constitution and certain United States
17 Supreme Court decisions, and did not order Attorney General Harris to respond to his petition.
18 He also complains that when he notified Attorney General Harris of his federal habeas corpus
19 action, she did not respond to his petition in violation of her oath of office and various state and
20 federal laws (Compl. at 3 & 3a.)

21 /////
22 /////
23

---

24 [1] In his habeas corpus proceedings, plaintiff had filed a petition challenging his 1995 conviction for lewd and lascivious acts. Magistrate Judge Boone ordered plaintiff to show cause as to why
25 the court should not dismiss the petition as time-barred. Magistrate Judge Boone considered
26 plaintiff's response to the order to show cause and issued findings and recommendations, recommending that the court dismiss petitioner's federal habeas corpus petition as untimely.
27 District Judge Lawrence J. O'Neill adopted the findings and recommendations in full and dismissed the petition. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A]
28 court may take judicial notice of its own records in other cases.").

**DISCUSSION**

The undersigned will recommend dismissal of plaintiff's complaint for failure to state a cognizable claim for relief.  First, plaintiff fails to state a cognizable claim against Magistrate Judge Boone.  Federal judges are absolutely immune from civil liability for damages and declaratory, injunctive, and other equitable relief for their judicial acts.  Mullis v. U.S. Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1388 & 1394 (9th Cir. 1987).  "'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'"  Id. at 1388 (quoting Stumpman v. Sparkman, 435 U.S. 349, 356-357 (1978)).  "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction."  Id. at 1389.  In this case, plaintiff fails to allege any facts indicating that Magistrate Judge Boone performed any judicial acts without clear subject matter jurisdiction.  Accordingly, Magistrate Judge Boone is entitled to absolute judicial immunity, and the undersigned will recommend dismissal of plaintiff's claims against him.

Plaintiff also fails to state a cognizable claim against California Attorney General Harris.  Under Rule 4 of the Rules Governing Habeas Corpus Cases, the court must dismiss a petition for writ of habeas corpus if it "plainly appears" that petitioner is not entitled to relief.  Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254.  If the court does not dismiss the petition, the court must order respondent to file an answer, motion, or other response to the petition.  Id.; see also Rule 5, Rules Governing Habeas Corpus Cases Under Section 2254 ("The respondent is not required to answer the petition unless a judge so orders.").  As noted above, in plaintiff's habeas corpus case, Judge Boone determined that that it plainly appeared from plaintiff's federal habeas petition that he was not entitled to relief because his petition was time-barred, and the court dismissed his petition.  Judge Boone never ordered Attorney General Harris (or respondent) to file a response to petitioner's habeas petition, and therefore Attorney General Harris was not required to file an answer, motion, or other response to the petition.  Plaintiff has failed to allege any facts indicating that Attorney General Harris violated his federal constitutional rights.  Accordingly, the undersigned will recommend dismissal of plaintiff's claims against her.

Where, as here, it is clear that the complaint suffers from pleading deficiencies that cannot be cured by amendment, dismissal without leave to amend is appropriate.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff's complaint be dismissed for failure to state a cognizable claim for relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 9, 2016

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE